IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SAMUEL L. COGSWELL, | ) | |
| | ) | Case No. 3:09-CV-190-MHW |
| Petitioner, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| T. CARLIN, Warden, ICI-O, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Respondent T. Carlin's Motion for Summary Dismissal (Docket No. 10).  Both Petitioner Samuel Cogswell (Petitioner) and Respondent T. Carlin (Respondent) have consented to the jurisdiction of a United States Magistrate Judge to determine the matter (Docket No. 14).  *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having completed a careful review of the above-entitled action, including the record herein and the record of the state proceedings, and having considered the arguments of the parties, the Court enters the following Order.

## MOTION FOR SUMMARY DISMISSAL

### A.    Background

Petitioner was convicted of three counts of lewd and lascivious conduct after trial by jury in the Third Judicial District Court in Canyon County, Idaho.  On September 2, 2004, his judgment of conviction was entered.  He was sentenced to ten years fixed with

ten years indeterminate for each count, to run concurrently.  (State's Lodging A-1, pp. 06-07.)

On direct appeal, the Idaho Court of Appeals affirmed the judgment and convictions.  (State's Lodging B-4.)  Petitioner filed a petition for review with the Idaho Supreme Court, which was denied on May 11, 2006, with the remittitur being issued the same day.  (State's Lodgings B-5 through B-8.)

On October 2, 2006,[1] Petitioner filed a state post-conviction action.  (Docket No. C-1.)  The state district court granted the State's motion for summary dismissal, with the order of dismissal entered on January 26, 2007.  (State's Lodging C-5.)  Petitioner did not file an appeal within the 42-day appeal period, which ended March 10, 2007.

Petitioner next filed a motion for correction of sentence on February 21, 2008, which was denied on May 27, 2008.  (State's Lodgings D-1 & D-3.)  He filed a second such motion on October 20, 2008, which was denied on December 16, 2008.  (State's Lodgings D-4 & D-5.)  He filed a notice of appeal on February 9, 2009 (mailbox rule), but because the notice was filed more than 42 days after the Order of December 16, 2008, the appeal was dismissed.  (State's Lodgings D-7 through D-9.)

---

[1] Except for Petitioner's notice of appeal in his second Rule 35 action (Docket No. D-6), Petitioner's state court filings indicate that he placed the pleadings in the U.S. Mail, rather than in the hands of prison officials for mailing, and thus the "mailbox rule" does not apply.  *See Houston v. Lack*, 487 U.S. 266 (1988) (a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court).   The date of the post-conviction filing does not appear on the face of the document (Docket No. C-1), but it is set forth in the court's order (Docket No. C-2).

MEMORANDUM DECISION AND ORDER  2

In this habeas corpus action, the Petition was filed on April 23, 2009.[2]  (Docket No. 3.)

### B.    Standard of Law

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."   In such case, the Court construes the facts in a light most favorable to the petitioner.  Summary dismissal of a habeas petition on statute of limitations grounds is permissible so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001) (sua sponte dismissal).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions.  *See* 28 U.S.C. § 2244(d)(1).  Because Petitioner's federal habeas corpus petition was filed on April 23, 2009, after AEDPA's enactment date, it is subject to the one-year statute of limitations.

To calculate the statute of limitations deadline, a petitioner must determine when his state court judgment became final.  His federal petition is due within one year of "the

---

[2]  The mailbox rule inapplicable because the mailing certificate indicates that Petitioner placed the federal Petition in a United States Postal Depository Unit with postage prepaid; however, because the Petition was filed three months late, the extra two days that application of the mailbox rule would add is inconsequential.

MEMORANDUM DECISION AND ORDER  3

date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitations is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

### C.    Discussion

Petitioner's judgment of May 11, 2006, became final when the 90-day period for filing a petition for certiorari with the United States Supreme Court expired, which was August 9, 2006.  *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).  The federal habeas statute of limitation period of one-year began to run on that date.  It ran for 53 days until Petitioner filed his state petition for post-conviction review on October 2, 2006, which statutorily tolled the statute of limitations.  The post-conviction case was dismissed on January 26, 2007, and the time for filing a state court appeal expired 42 days

later on March 10, 2007.[3]  As a result, the federal statute of limitations began running again on March 11, 2007, and continued until it expired on January 16, 2008 (53 days + 312 days = 365 days).  Petitioner's first Rule 35 motion, filed February 21, 2008, was too late to toll the statute.  *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("§ 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").  Petitioner did not file his federal Petition until April 23, 2009, many months after the expiration of the statute of limitations.

Petitioner argues that the rule announced by the Idaho Supreme Court in *Estrada v. State*, 149 P.3d 833 (Idaho 2006)--that the right of counsel attaches to a psychosexual evaluation--should be applied retroactively to his case.  He appears to be arguing that the Idaho Supreme Court's *Estrada* case should restart the federal statute of limitations under 28 U.S.C. § 2244(d)(1)(C).  That section provides that the statute of limitations "shall run from . . . the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *Id.*

---

[3]  Idaho grants a petitioner 42 days from a final judgment in a post-conviction case to file an appeal.  Idaho Code § 19-4909; Idaho Appellate Rule 14.

The Ninth Circuit has not yet determined whether a petitioner is entitled to count Idaho's 42-day appeal period toward the time the state post-conviction petition is "pending" if the petitioner did not actually file an appeal, but other courts have extended the tolling through that date. *See Gibson v. Klinger*, 232 F.3d 799, 803-04 & n. 1 (10th Cir. 2000); *Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000).

Here, because Respondent does so, the Court adds the extra 42 days to the tolling period, to petitioner's benefit, without deciding the issue, but the petition is still late.

MEMORANDUM DECISION AND ORDER  5

Petitioner's argument fails because § 2244(d)(1)(C) applies only to *United States* Supreme Court cases that have been made retroactively applicable to cases on collateral review.  The United States Supreme Court has not yet recognized the *Estrada* rule, and, as a result, it could not yet have determined whether the rule is retroactively applicable on habeas corpus review.  *Cf. Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (holding that the new constitutional right must be announced by the United States Supreme Court, rather than a state court, for this subsection to apply); *Broom v. Strickland*, 579 F.3d 553, 557 (6th Cir. 2009) (same).[4]

One month after he filed his Response to the Motion to Dismiss, Petitioner filed a "Notice," containing a notarized letter from his mother, Esther Cogswell.  The letter is dated September 8, 2009. (Docket No. 15.)  He alleges that the letter from his mother contains "new evidence to support his claims."  (*Id*.)  Petitioner's mother states that (1) two of the victims "have said that their Uncle Sam never touched them only hug[ged] them good night or when they left for school"; (2) the victims were not taken to the doctor for an examination; and (3) the prosecutor gave the girls' father "$3,500 to make the girls testify that their Uncle Sam had touched them."   (Docket No. 15.)

---

[4] For the same reasons, the Court rejects Petitioner's argument based on *State v. Grist*, 205 P.3d 1185 (Idaho 2009), where the Idaho Supreme Court held that a trial court should not admit evidence of uncharged sexual misconduct without (1) making a determination that there was sufficient evidence to establish such prior misconduct or (2) articulating whether it deemed the evidence admissible as probative of a common scheme or plan or as corroborative of the victim's testimony.

Petitioner may have submitted this information to show that § 2244(d)(1)(D) should apply to his case, which provides that the statute of limitations can run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Alternatively, he may have submitted this information to show actual innocence. The Ninth Circuit has suggested that there may be an actual innocence exception to the one-year statute of limitations. *See Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002) (remanding to the district court to determine whether the petitioner had established a claim of actual innocence, and if so, to next decide "what consequence such a finding has with respect to AEDPA's one-year statute of limitations"). *Majoy* indicates that district courts should first consider whether a petitioner is actually innocent before deciding if an actual innocence exception to the statute of limitation exists. *Id.* at 777-78. In *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008), the Ninth Circuit affirmed the district court's denial of a 28 U.S.C. § 2254 habeas corpus petition as untimely, holding that the miscarriage of justice or "actual innocence" exception is limited to those extraordinary cases when the petitioner asserts his actual innocence and establishes that the court cannot have confidence in the contrary finding of guilt.[5]

---

[5] In *Johnson v. Knowles*, the Ninth Circuit Court assumed without deciding that *Schlup v. Delo*, 513 U.S. 298, 329 (1995), an actual innocence case regarding procedural default, applied to the statute of limitations issue.

MEMORANDUM DECISION AND ORDER  7

Here, the Court rejects both potential theories to excuse untimeliness because Petitioner's "new evidence" is not new, nor does it call into question the Court's confidence in the contrary finding of guilt by the jury.  Petitioner was the great-uncle of all three victims; B.B. and J.B. were sisters, and K.B. was their cousin. Petitioner knew at the time of trial that the girls had not undergone a doctor's examination.  Also at the time of trial, it appears likely that the State provided funds for the girls and their family to travel from their new home in Oregon to Idaho to testify.  (State's Lodging, A-1, p. 25 (noting address of girls); State's Lodging A-4, p. 86 (father of girls noting inability to pay the cost of travel).)  If the funds were used for bribery, as opposed to travel funds, that information could have been obtained at the time of trial.  In addition, Petitioner's mother provides no evidence supporting her allegation that the prosecutor paid the victims' father $3500 to encourage the girls to change their testimony.

Also at the time of sentencing, Petitioner's sister, Virginia Franklin, wrote a letter to the sentencing court stating that she had interviewed the same two children, and they said that they had never been touched by Sam.  (State's Lodging A-4.)  Therefore, the same information Petitioner's mother now says is "new" was known to Petitioner as early as the time of sentencing, and Petitioner could have acted upon it at the time Virginia Franklin submitted her letter.

Finally, one of the girls told the Caldwell Police Department well before trial that her grandmother had asked her to change her story and say that Petitioner had not touched

MEMORANDUM DECISION AND ORDER  8

her, but the girl insisted that Petitioner had, in fact, touched her.  The Caldwell Police

Report states:

> [J.B.] said that she has never told anyone until she told her mom at the park.  She said that her grandmother lies.  Grandmother had told her to tell her if anyone ever touches them because she would put them in prison. [J.B.] said that when they told her about Uncle Sam, Grandmother said he did not do anything wrong.
>
> I asked her about telling her mother about Sam touching her and then saying it did not happen.  [J.B.] was clear that she did not change her story but her grandmother said she changed her story[;] [J.B.] said Sam did touch her.

(State's Lodging A-4, p. 83.)   This passage establishes that the issue of whether

Petitioner's mother (the girls' grandmother) heard the girls say that Petitioner had not

touched them, or whether Petitioner's mother told the girls not to tell the truth, was known

to Petitioner prior to trial.  For all of the foregoing reasons, the Court concludes that

Petitioner has not shown that he could not have discovered the facts in his mother's letter

in time to present them to the state courts prior to coming to federal court or to present

them to this Court within the earlier statute of limitations period.  The "new evidence"

existed well before Petitioner's mother's letter and is not grounds to start a new statute of

limitations period.  The Court further concludes that, in light of the entire state court

record, the factual allegations in the letter of September 8, 2009 do not show that

Petitioner is actually innocent.  Petitioner has not established that this Court cannot have

confidence in the jury's guilty verdicts.

MEMORANDUM DECISION AND ORDER  9

Petitioner makes no arguments in favor of application of equitable tolling in his case, and, upon a review of the record, none is apparent to the Court.[6]  As a result, Petitioner's Petition is untimely and subject to dismissal with prejudice.  The Court does not reach Respondent's procedural default argument because of the conclusion that the Petition is untimely.

### REVIEW OF THE CLAIMS AND THE COURT'S DECISION FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal from the Order and Judgment in this case, and in the interest of conserving time and resources, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed.  28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

---

[6]  In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court held that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* at 418.

MEMORANDUM DECISION AND ORDER  10

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484.

Here, the Court has denied Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record again, the Court concludes that reasonable jurists would not find debatable the Court's decision on the timeliness issues raised in the Motion to Dismiss and that the issues presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner may file a timely notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that  Respondent's Motion for Summary Dismissal (Docket No. 10) is GRANTED.  Petitioner's Petition is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that the Court will not grant a Certificate of Appealability in this case.  If Petitioner chooses to file a timely notice of appeal (within 30 days after entry of this Order and Judgment), the Clerk of Court is ordered to forward

MEMORANDUM DECISION AND ORDER  11

a copy of this Order, the record in this case, and Petitioner's notice of appeal to the

United States Court of Appeals for the Ninth Circuit.



DATED: November 12, 2009

_____
Honorable Mikel H. Williams
Chief United States Magistrate Judge

MEMORANDUM DECISION AND ORDER  12