UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAMUEL L. COGSWELL,<br><br>                Petitioner,<br><br>v.<br><br>T. CARLIN,<br><br>                Respondent. | Case No. 3:09-cv-00190-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Respondent's Renewed Motion for Summary Dismissal (Dkt. 26) and Petitioner's Application for Equitable Tolling (Dkt. 4). The Court provided Petitioner with additional time to respond to the Renewed Motion to Dismiss and to reply to the Response to the Application, through August 31, 2011. Petitioner has filed nothing further to date, and, thus, the Court considers the Motion and Application fully briefed.

Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 12, 14.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having fully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on

the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

## MOTION FOR SUMMARY DISMISSAL

**1.    Background**

Petitioner was convicted of three counts of lewd and lascivious conduct, after trial by jury in the Third Judicial District Court in Canyon County, Idaho. On September 2, 2004, his judgment of conviction was entered. He was sentenced to ten years fixed with ten years indeterminate for each count, to run concurrently. (State's Lodging A-1, pp. 06-07.)

On direct appeal, the Idaho Court of Appeals affirmed the judgment and convictions. (State's Lodging B-4.) Petitioner filed a petition for review with the Idaho Supreme Court, which was denied on May 11, 2006, with the remittitur being issued the same day. (State's Lodgings B-5 through B-8.)

On October 2, 2006,[1] Petitioner filed a state post-conviction action. (Dkt. C-1.) The state district court granted the State's motion for summary dismissal, with the order of dismissal entered on January 26, 2007. (State's Lodging C-5.) Petitioner did not file an appeal within the 42-day appeal period, which ended March 10, 2007. Petitioner alleges

---

[1] Except for Petitioner's notice of appeal in his second Rule 35 action (Dkt. D-6), Petitioner's state court filings indicate that he placed the pleadings in the U.S. Mail, rather than in the hands of prison officials for mailing, and thus the "mailbox rule" does not apply. *See Houston v. Lack*, 487 U.S. 266 (1988) (a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court). The date of the post-conviction filing does not appear on the face of the document (Dkt. C-1), but it is set forth in the court's order (Dkt. C-2).

that, in August 2007 (five months after the deadline for appeal expired), he gave a prison paralegal a notice of appeal to mail to the state district court to appeal the post-conviction dismissal order in August 2007. (Dkt. 4.) No notice of appeal was ever filed.

Petitioner next filed a motion for correction of sentence on February 21, 2008, which was denied on May 27, 2008. (State's Lodgings D-1 & D-3.) He did not appeal.

Petitioner filed a second such motion on October 20, 2008, which was denied on December 16, 2008. (State's Lodgings D-4 & D-5.) He filed a notice of appeal on February 9, 2009 (mailbox rule), but because the notice was filed more than 42 days after the Order of December 16, 2008, the appeal was dismissed. (State's Lodgings D-7 through D-9.)

In this habeas corpus action, the Petition was filed by the Clerk of Court on April 23, 2009.[2] ( Dkt. 3.)

**2.     Standard of Law Governing Timeliness**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. Summary dismissal of a habeas petition on statute of limitations grounds is

---

[2] The mailbox rule is inapplicable because the mailing certificate indicates that Petitioner placed the federal Petition in a United States Postal Depository Unit with postage prepaid; however, because the Petition was filed three months late, the extra two days that application of the mailbox rule would add is inconsequential.

**MEMORANDUM DECISION AND ORDER - 3**

permissible so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001) (sua sponte dismissal).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed on April 23, 2009, after AEDPA's enactment date, it is subject to the one-year statute of limitations.

To calculate the statute of limitations deadline, a petitioner must determine when his state court judgment became final. His federal petition is due within one year of "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitations is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

**MEMORANDUM DECISION AND ORDER - 4**

3.  **Discussion of Timeliness**

Petitioner's judgment of May 11, 2006, became final when the 90-day period for filing a petition for certiorari with the United States Supreme Court expired, which was August 9, 2006. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). The federal habeas statute of limitation period of one-year began to run on that date. It ran for 53 days until Petitioner filed his state petition for post-conviction review on October 2, 2006, which statutorily tolled the statute of limitations.

The post-conviction case was dismissed on January 26, 2007, and the time for filing a state court appeal expired 42 days later on March 10, 2007.[3] As a result, the federal statute of limitations began running again on March 11, 2007, and continued until it expired on January 16, 2008 (53 days + 312 days = 365 days). Petitioner's first Rule 35 motion, filed February 21, 2008, was too late to toll the statute. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("§ 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Petitioner did not file his federal Petition until April 23, 2009, many months after the expiration of the statute of limitations.

---

[3] Idaho grants a petitioner 42 days from a final judgment in a post-conviction case to file an appeal. Idaho Code § 19-4909; Idaho Appellate Rule 14.
  The Ninth Circuit has not yet determined whether a petitioner is entitled to count Idaho's 42-day appeal period toward the time the state post-conviction petition is "pending" if the petitioner did not actually file an appeal, but other courts have extended the tolling through that date. *See Gibson v. Klinger*, 232 F.3d 799, 803-04 & n. 1 (10th Cir. 2000); *Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000).
  Here, because Respondent does so, the Court adds the extra 42 days to the tolling period, to Petitioner's benefit, without deciding the issue, but the petition is still late.

**MEMORANDUM DECISION AND ORDER - 5**

Petitioner argues that the rule announced by the Idaho Supreme Court in *Estrada v. State*, 149 P.3d 833 (Idaho 2006)–that the right of counsel attaches to a psychosexual evaluation at sentencing–should be applied retroactively to his case. He appears to be arguing that the Idaho Supreme Court's *Estrada* case should restart the federal statute of limitations under 28 U.S.C. § 2244(d)(1)(C). That section provides that the statute of limitations "shall run from . . . the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id*.

Petitioner's argument fails because § 2244(d)(1)(C) applies only to *United States* Supreme Court cases that have been made retroactively applicable to cases on collateral review. The United States Supreme Court has not yet recognized the *Estrada* rule, and, as a result, it could not yet have determined whether the rule is retroactively applicable on habeas corpus review. *Cf. Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (holding that the new constitutional right must be announced by the United States Supreme Court, rather than a state court, for this subsection to apply); *Broom v. Strickland*, 579 F.3d 553, 557 (6th Cir. 2009) (same).[4]

---

[4] For the same reasons, the Court rejects Petitioner's argument based on *State v. Grist*, 205 P.3d 1185 (Idaho 2009), where the Idaho Supreme Court held that a trial court should not admit evidence of uncharged sexual misconduct without (1) making a determination that there was sufficient evidence to establish such prior misconduct or (2) articulating whether it deemed the evidence admissible as probative of a common scheme or plan or as corroborative of the victim's testimony.

**MEMORANDUM DECISION AND ORDER - 6**

One month after he filed his Response to the Motion to Dismiss, Petitioner filed a "Notice," containing a notarized letter from his mother, Esther Cogswell. The letter is dated September 8, 2009. ( Dkt. No. 15.) He alleges that the letter from his mother contains "new evidence to support his claims." (*Id.*) Petitioner's mother states that (1) two of the victims "have said that their Uncle Sam never touched them only hug[ged] them good night or when they left for school"; (2) the victims were not taken to the doctor for an examination; and (3) the prosecutor gave the girls' father "$3,500 to make the girls testify that their Uncle Sam had touched them." ( Dkt. No. 15.)

Petitioner may have submitted this information to show that § 2244(d)(1)(D) should apply to his case, which provides that the statute of limitations can run from "he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Alternatively, he may have submitted this information to show actual innocence. The Ninth Circuit has suggested that there may be an actual innocence exception to the one-year statute of limitations. *See Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002) (remanding to the district court to determine whether the petitioner had established a claim of actual innocence, and if so, to next decide "what consequence such a finding has with respect to AEDPA's one-year statute of limitations"). *Majoy* indicates that district courts should first consider whether a petitioner is actually innocent before deciding if an actual innocence exception to the statute of limitation exists. *Id*. at 777-78. In *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008), the Ninth Circuit affirmed the district court's

**MEMORANDUM DECISION AND ORDER - 7**

denial of a 28 U.S.C. § 2254 habeas corpus petition as untimely, holding that the miscarriage of justice or "actual innocence" exception is limited to those extraordinary cases when the petitioner asserts his actual innocence and establishes that the court cannot have confidence in the contrary finding of guilt.[5]

Here, the Court rejects both potential theories to excuse untimeliness because Petitioner's "new evidence" is not new, nor does it call into question the finding of guilt by the jury. Petitioner was the great-uncle of all three victims; B.B. and J.B. were sisters, and K.B. was their cousin. Petitioner knew at the time of trial that the girls had not undergone a doctor's examination. Also at the time of trial, it appears likely that the State provided funds for the girls and their family to travel from their new home in Oregon to Idaho to testify. (State's Lodging, A-1, p. 25 (out-of-state address of girls); State's Lodging A-4, p. 86 (father of girls noting inability to pay the cost of travel).) If the funds were used for bribery, as opposed to travel funds, that information could have been obtained at the time of trial. In addition, Petitioner's mother provides no evidence supporting her allegation that the prosecutor paid the victims' father $3500 to encourage the girls to change their testimony.

Also at the time of sentencing, Petitioner's sister, Virginia Franklin, wrote a letter to the sentencing court stating that she had interviewed the same two children, and they

---

[5] In *Johnson v. Knowles*, the Ninth Circuit Court assumed without deciding that *Schlup v. Delo*, 513 U.S. 298, 329 (1995), an actual innocence case regarding procedural default, applied to the statute of limitations issue.

**MEMORANDUM DECISION AND ORDER - 8**

said that they had never been touched by Sam. (State's Lodging A-4.) Therefore, the same information Petitioner's mother now says is "new" was known to Petitioner as early as the time of sentencing, and Petitioner could have acted upon it at the time Virginia Franklin submitted her letter.

Finally, one of the girls told the Caldwell Police Department well before trial that her grandmother had asked her to change her story and say that Petitioner had not touched her, but the girl insisted that Petitioner had, in fact, touched her. The Caldwell Police Report states:

> [J.B.] said that she has never told anyone until she told her mom at the park. She said that her grandmother lies. Grandmother had told her to tell her if anyone ever touches them because she would put them in prison. [J.B.] said that when they told her about Uncle Sam, Grandmother said he did not do anything wrong.
>
> I asked her about telling her mother about Sam touching her and then saying it did not happen. [J.B.] was clear that she did not change her story but her grandmother said she changed her story[;] [J.B.] said Sam did touch her.

(State's Lodging A-4, p. 83.) This passage establishes that the issue of whether Petitioner's mother (the girls' grandmother) heard the girls say that Petitioner had not touched them, or whether Petitioner's mother told the girls not to tell the truth, was known to Petitioner prior to trial.

For all of the foregoing reasons, the Court concludes that Petitioner has not shown that he could not have discovered the facts in his mother's letter in time to present them to the state courts prior to coming to federal court or to present them to this Court within the

earlier statute of limitations period. The "new evidence" existed well before Petitioner's mother's letter and is not grounds to start a new statute of limitations period. The Court further concludes that, in light of the entire state court record, the factual allegations in the letter of September 8, 2009 do not show that Petitioner is actually innocent. Petitioner has not established that this Court cannot have confidence in the jury's guilty verdicts.

Given that the Court has determined that the Petition was untimely filed and that Petitioner has not shown actual innocence to excuse untimeliness, if such an exception exists, the Court now turns to Petitioner's Application for Equitable Tolling. (Dkt. 4.)

In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court held that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418.

Petitioner's Application for Equitable Tolling (Dkt. 4) is accompanied by Petitioner's Affidavit, stating that in or about August 2007, Petitioner placed his petition for post-conviction (appeal) in the hands of then-acting ICI-O Resource Center Supervisor Duane Shedd for mailing to the state court for filing. In October 2007, Petitioner was moved from ICI-O in Northern Idaho to the Idaho State Correctional Institution (ISCI) in Southern Idaho. Shortly after Petitioner arrived at ISCI, he contacted the ISCI Resource Center Supervisor seeking information about the filing of his post-conviction appeal. The Supervisor could not obtain any information about the filing, as Duane Shedd was no longer the ICI-O Supervisor. In about January 2008, Petitioner

requested a Register of Actions from the state court and determined that his appeal had not been filed.

Petitioner asserts that the ISCI Resource Center Supervisor advised Petitioner to file a Rule 35 motion seeking correction of an illegal sentence. Petitioner did so, and the Rule 35 motion was denied, with denial affirmed by the Idaho Supreme Court in March 2009. Petitioner asserts that, as a result of these instances, prison officials prevented him from filing his post conviction appeal in a timely manner, and that they provided him with wrongful advice, preventing him from filing his federal petition in time.

Respondent responds with a three-fold defense: first, Petitioner has failed to establish that the State interfered with Petitioner's timely filing of his federal petition; second, that Petitioner has failed to show any causal link between his request for the prison paralegal to file his post-conviction appeal and the untimely filing of the federal habeas corpus petition; and third, Petitioner has not demonstrated that he exercised due diligence to file a federal petition during the time period at issue.

Petitioner's request for tolling begins with his argument that he gave a prison employee a notice of appeal from his post-conviction application denial, with instructions to file it, in *August* 2007. Respondent aptly points out that, by August 2007, Petitioner's time to appeal his post-conviction application denial would have already expired, and, thus, any action or inaction of the prison employee would have been futile. As set forth above, Petitioner's post-conviction action was dismissed on January 26, 2007, and his time to appeal expired on March 11, 2007, 42 days later, five months before Petitioner

**MEMORANDUM DECISION AND ORDER - 11**

gave his notice of appeal to the prison employee. The Court agrees that Petitioner's attempt to file the late notice of appeal and the prison employee's failure to file the appeal does not provide a factual basis for equitable tolling in this federal habeas matter. Petitioner has provided no link between the failure to file a late state court appeal and missing the federal statute of limitations, neither has he shown diligence.

The second prison employee's advice had nothing to do with *how* or *when* to file Petitioner's federal habeas corpus action. Petitioner's Affidavit is devoid of facts showing personal diligence regarding the federal statute of limitations.

Therefore, the federal statute of limitations expired on January 16, 2008, due to Petitioner's own inaction in timely filing a post-conviction appeal that would have qualified for statutory tolling, and the second prison employee's advice that Petitioner should file a Rule motion in state court has no causal link to the running of the federal statute. There has been no showing of either diligence or that extraordinary circumstances stood in Petitioner's way.

Because Petitioner has failed to show factual grounds for either actual innocence or equitable tolling, his Petition is deemed untimely.

**4.     Standard of Law Governing Procedural Default**

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

**MEMORANDUM DECISION AND ORDER - 12**

Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on unexhausted claims. 28 U.S.C. § 2254(b). The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that he did not present the claim to the highest state court, but no state court remedy is available when he arrives in federal court (improper exhaustion). *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must "invok[e] one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. at 845, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts, as discussed directly above; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground. *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

5.  **Discussion of Procedural Default**

Respondent argues that Petitioner's claims are procedurally defaulted because he did not properly present them to the Idaho Supreme Court. The only claim presented on direct appeal was to challenge the testimony of one witness that was admitted under Idaho Rule of Evidence 404(b) to show prior uncharged sexual conduct by Petitioner. (State's Lodgings B-1, p. 5; B-4, pp 3-5; B-6.) This claim has not been brought in the federal Petition for Writ of Habeas Corpus; therefore, the direct appeal is not relevant to a discussion of procedural default.

Rather, the claims Petitioner has brought in federal court are those arising from his Rule 35 Motion filed on February 21, 2008, regarding the psychosexual evaluation at sentencing. (Compare Petition, Dkt. 3, with State's Lodgings D-1, D-2, D-3.) Petitioner's Rule 35 motion was denied on May 27, 2008. (State's Lodging D-3.) Petitioner did not file an appeal, and has provided no factual basis for his failure to file a timely appeal. Therefore, the Court concludes that Petitioner's claims are procedurally defaulted.

6.  **Standard of Law Governing Cause and Prejudice Exception to Procedural Default Bar**

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is

not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

There is also an actual innocence exception to procedural default, but, because Petitioner has not brought forward sufficient facts showing actual innocence, as set forth above, that exception is inapplicable here.

### 7.     Discussion of Cause and Prejudice

The Court finds that the record does not reflect any basis for application of cause and prejudice. Nothing in the record suggests that an objective factor external to the defense impeded Petitioner's ability to file an appeal in his Rule 35 matter. The mailing certificate on the order denying the Rule 35 motions displays Petitioner as a recipient of a copy of the order, with Petitioner's prison address. (D-3, p. 4.) In addition, Petitioner filed a second pro se Rule 35 motion on October 20, 2008 (D-4), which suggests that Petitioner's ability to litigate pro se was not impaired in mid-2008, when his appeal of the first Rule 35 motion should have been filed.

## 8. Conclusion

The Court concludes that Petitioner's Petition for Writ of Habeas Corpus is untimely. Alternatively, Petitioner's claims are procedurally defaulted. Both grounds support dismissal of the Petition with prejudice.

## REVIEW OF THE CLAIMS AND THE COURT'S DECISION FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal from the Order and Judgment in this case, and in the interest of conserving time and resources, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.*" Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484.

**MEMORANDUM DECISION AND ORDER - 16**

Here, the Court has denied Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record again, the Court concludes that reasonable jurists would not find debatable the Court's decision on the timeliness and procedural default issues raised in the Motion to Dismiss and that the issues presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner may file a timely notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b).

## ORDER

**IT IS ORDERED:**

1. Respondent's Renewed Motion for Summary Dismissal (Dkt. 26) is GRANTED. Petitioner's Petition is DISMISSED with prejudice.

2. Petitioner's Application for Equitable Tolling (Dkt. 4) is DENIED.

3. The Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a timely notice of appeal (within 30 days after entry of this Order and Judgment), the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's notice of appeal to the United States Court of Appeals for the Ninth Circuit.



DATED: February 2, 2012

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 18**